IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER L. HARVEY,**

                **Petitioner,**

      v.                           **CASE NO. 05-3119-RDR**

**E.J. GALLEGOS,**

                **Respondent.**

### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 while he was incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Petitioner claims his continued confinement in the custody of the Bureau of Prisons (BOP) is unlawful. Having reviewed the record which includes respondent's answer and return and petitioner's traverse, the court disagrees.

Petitioner is serving a 120 month federal sentence imposed by the United States District Court in the Eastern District of Missouri. *See* United States v. Harvey, 756 F.2d 636 (8th Cir.), *cert. denied*, 474 U.S. 831 (1985). Pursuant to the Interstate Agreement on Detainers, the Bureau of Prisons (BOP) transferred petitioner to the State of Missouri in 1984 to stand trial on outstanding criminal charges. In that state court proceeding, petitioner was convicted and sentenced to death for the murder of Gary Decker. Petitioner returned to USPLVN in July 1984.

Approximately one month later, the Attorney General designated a facility within the Missouri Department of Corrections (MO-DOC) as the location for petitioner's concurrent service of his federal and state sentences, and placed a detainer with Missouri authorities for petitioner's return if petitioner's Missouri confinement terminated prior to petitioner's full service of his federal sentence.  *See* 18 U.S.C. § 4082 (authorizes United States Attorney General to designate place of confinement where a federal sentence is to be served).

In May 1985 petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Missouri, alleging that MO-DOC lacked jurisdiction and authority to confine him because his transfer from federal to state custody did not comply with 18 U.S.C. § 4082.  *See* Harvey v. United States, 615 F.Supp. 1046, 1048 (W.D.Mo. 1985).  While that federal habeas action was pending, the Missouri Supreme Court reversed petitioner's death sentence and conviction, and remanded the matter for retrial.[1]  In the traverse filed thereafter in his pending federal habeas action, petitioner prayed for his return to BOP custody and sought a protective order to prohibit his placement in the St. Louis County jail for retrial.  Id. at 1046-47.  The federal court denied habeas relief, stating "it is obvious that the St. Louis County Jail has been appropriately designated pursuant to the authority conferred by

---

[1] *See* State v. Harvey, 692 S.W.2d 290 (Missouri 1985)(en banc)(defense counsel's presence at, but refusal to participate in, the defendant's capital murder trial constructively denied the defendant his constitutional right of effective assistance of counsel).

Section 4082 as the place of confinement where petitioner's federal sentence shall be served." Id. at 1048.  Petitioner filed no appeal from that decision.

Thereafter, petitioner was eventually convicted in Missouri for the murder of Gary Decker, and was convicted in Illinois for the murder and rape of Donna Decker.  Following petitioner's return from Illinois to Missouri, Missouri paroled petitioner in 2004 and returned petitioner to BOP custody.  Petitioner then filed the instant action, claiming his present federal confinement is unlawful because BOP relinquished all custody and jurisdiction over him when they transferred him to Missouri in 1984, and because federal authorities failed to take any action to assert jurisdiction and custody over him throughout his extradition between Missouri and Illinois.  The court finds no merit to these claims.

First, the record clearly establishes petitioner's continuous service of his federal sentence throughout his extensive criminal litigation in Missouri and Illinois.  Second and significantly, a federal court previously determined that petitioner's transfer to the State of Missouri for continued service of petitioner's federal sentence was lawful and in full compliance with 18 U.S.C. § 4082. Petitioner's attempt to now relitigate that claim is rejected, as are petitioner's related claims that BOP somehow waived or relinquished all jurisdiction and custody over him during his prosecutions in Missouri and Illinois on pending charges in those states.

Finding petitioner has demonstrated no valid ground for

3

obtaining relief under 28 U.S.C. § 2241, the court concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

DATED:  This 3rd day of January 2008, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge